UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

11 CV 0867

------------------------------------x

KATTEN MUCHIN ROSENMAN LLP,                :

           Plaintiff,                                   :   Civ.

        - against -                                      :   COMPLAINT

GEROVA FINANCIAL GROUP LTD,                :

           Defendant.                                   :

------------------------------------x

      Katten Muchin Rosenman LLP ("Katten"), with knowledge as to its own acts and upon information and belief as to the acts of others, for its complaint against defendant Gerova Financial Group Ltd. ("Gerova"), alleges:

### Nature of the Action

      1.    This is an action for breach of contract and account stated against Gerova, as successor-in-interest to Asia Special Situation Acquisition Corporation ("ASSAC"), for outstanding legal fees due and owing to Katten.

      2.    In or around January 2010, pursuant to two acquisition agreements dated as of December 31, 2009, ASSAC acquired the assets and investments of Wimbledon Financing Master Fund Ltd. and Wimbledon Real Estate Financing Master Fund (the "Wimbledon Parties") and thereafter ASSAC changed its name to Gerova.

      3.    Katten represented the Wimbledon Parties during the negotiation of the agreements and during the transactions contemplated by the agreements.

4. Under § 9.1 of the acquisition agreements, Gerova agreed to pay Katten the attorney fees incurred by the Wimbledon Parties upon successful consummation of the transactions.

5. The transactions contemplated by the acquisition agreements were successfully consummated more than one year ago. Prior to the closing, Katten had multiple conversations with counsel to Gerova, who confirmed that Gerova would pay all invoices of Katten at the closing. Notwithstanding the foregoing, Katten was not paid although other parties to the transactions, including Gerova's counsel, were paid at the closing.

6. Since January 2010 Katten has regularly invoiced Gerova. In addition, Katten had multiple discussions with Gerova's Chief Financial Officer, Michael Hlvasa, who continually promised, both orally and in writing, that Gerova would pay Katten. Notwithstanding its express contractual obligations and ongoing assurances, Gerova has only made a single partial payment and there remains due and owing to Katten unpaid fees of ONE HUNDRED EIGHTY NINE THOUSAND, FOUR HUNDRED AND SIXTY EIGHT DOLLARS AND NINE CENTS ($189,468.09) (the "Outstanding Legal Fees").

7. Gerova has confirmed, both orally and in writing, that it is liable to Katten for the Outstanding Legal Fees. Nevertheless, Katten's efforts to collect the Outstanding Legal Fees without resorting to litigation have been unsuccessful and Katten was left with no choice but to commence this action.

**Jurisdiction and Venue**

8.  The subject matter jurisdiction of this Court is founded on 28 U.S.C. § 1332(a)(1). Plaintiff is an Illinois limited liability partnership with partners in Charlotte, North Carolina; New York, New York; Chicago, Illinois; Los Angeles, California; and Washington, D.C. Defendant is a Cayman Islands corporation based in Bermuda. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00.

9.  Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(a)(1) because nearly all of the events giving rise to this claim occurred in the Southern District of New York. In addition, the parties submitted to the exclusive jurisdiction of the federal and state courts of the County of New York.

**Parties**

10. Katten is a limited liability partnership organized under the laws of the State of Illinois.

11. Defendant Gerova, which identifies itself as a reinsurance company, is a Cayman Islands corporation based in Bermuda.

**The Asset Purchase Agreements**

12. As of December 31, 2009, Gerova's predecessor-in-interest, ASSAC, entered into two agreements (the "Asset Purchase Agreements") by and among Amalphis Group Inc.; Allied Provident Insurance Company Ltd.; WFM Holdings Ltd; Weston Capital Asset Management LLC; and the Wimbledon Parties. The Asset Purchase Agreements are attached hereto as Exhibit A.

13. Pursuant to the Asset Purchase Agreements, ASSAC, among other things, acquired the assets and investments held by the Wimbledon Parties (the "Transactions"). Following the consummation of the Transactions, ASSAC changed its name to Gerova.

14. Katten represented the Wimbledon Parties in connection with the Asset Purchase Agreements and the Transactions.

15. The Asset Purchase Agreements were negotiated and executed in New York, New York. Pursuant to § 9.8, all of the parties to the Agreements consented to this Court's jurisdiction and to the application of New York law.

16. Section 9.1 of each of the Asset Purchase Agreements provides that upon consummation of the Transactions, Gerova is required to pay the Wimbledon Parties' attorneys fees directly to the Wimbledon Parties' counsel, i.e., Katten.

17. Gerova and the Wimbledon Parties intended for Katten to be a third party beneficiary of the Asset Purchase Agreements.

### Gerova Breaches its Obligation to Pay Katten's Legal Fees

18. Katten devoted numerous hours to negotiating the Asset Purchase Agreements and facilitating the Transactions which were successfully consummated in January 2010.

19. Prior to the closing date of the Transactions, counsel to Gerova promised that Gerova would pay Katten's legal fees at the closing. Despite these promises, Katten was not paid at the closing although other parties, including Gerova's counsel, were paid at the closing.

20. On January 26, 2010, Katten sent Gerova's Chief Financial Officer, Michael Hlavsa, wiring instructions to remit Katten's attorney fees, however, Gerova failed to pay the fees as promised. A true and correct copy of the email enclosing the instructions is attached as Exhibit B.

21. Thereafter, Katten sent copies of its invoices for its attorney fees in connection with the Transactions to Gerova, which as of March 17, 2010 amounted to a total of TWO HUNDRED FOURTEEN THOUSAND, ONE HUNDRED AND THIRTY SIX DOLLARS AND NINE CENTS ($214,136.09), which included certain fees for ongoing work in connection with the Transactions. True and correct copies of the cover pages of the invoices which were sent to Gerova are attached hereto as Exhibit C.

22. Gerova did not dispute that it was obligated to pay the Katten invoices. Indeed, Gerova promised on multiple occasions to pay the invoice. For example, in a telephone call on April 27, 2010 with Howard Jacobs, a partner in Katten's New York office, Mr. Hlavsa, pledged to pay Katten's fees. Later that day, by email to Mr. Jacobs (a true and correct copy of which is attached as Exhibit D), Mr. Hlavsa reiterated his promise in writing:

> Thank you for listening this morning. As promised, I want to formalize what I indicated to you in our conversation.
>
> We are having some cash difficulties but we believe that a slug of capital is coming to us in the next week. <u>I committed to you that out of that money we would provide to you a partial payment toward the amount that we owe the firm.</u>
>
> <u>Subsequent to that, it is our intention to pay the entire amount as quickly as cash becomes available. We appreciate your patience and we will get you paid.</u>

(emphasis added)

23. On May 12, 2010, Gerova sent to Katten a partial payment of TWENTY-FIVE THOUSAND DOLLARS ($25,000). Mr. Hlvasa, by email of the same date, asked Katten to record the payment. A true and correct copy of that email is attached as Exhibit E.

24. Thereafter, on August 30, 2010, Katten sent a letter demanding that Gerova pay the Outstanding Legal Fees of ONE HUNDRED EIGHTY-NINE THOUSAND, FOUR HUNDRED AND SIXTY-EIGHT DOLLARS AND NINE CENTS ($189,468.09), which letter enclosed copies of the invoices attached as Exhibit C. When Gerova still failed to pay the Outstanding Legal Fees, Katten sent a follow up letter on October 13, 2010. Gerova made multiple promises to pay the Outstanding Legal Fees but has failed to keep its promise.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

25. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 24 of this Complaint, as if fully set forth herein.

26. Katten is an intended third party beneficiary of each of the Asset Purchase Agreements.

27. The Asset Purchase Agreements are enforceable contracts in which the contemplated Transactions were consummated, accordingly, Gerova is obligated to pay Katten's attorney's fees.

28. Gerova has breached its obligation to pay Katten's fees pursuant to the Asset Purchase Agreements and is liable to Katten in an amount to be proven at trial but not less than

ONE HUNDRED EIGHTY NINE THOUSAND, FOUR HUNDRED AND SIXTY EIGHT DOLLARS AND NINE CENTS ($189,468.09).

## SECOND CAUSE OF ACTION

### (Breach of Contract)

29. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 28of this Complaint, as if fully set forth herein.

30. Gerova's promise, made orally and in writing, to pay Katten the attorney's fees incurred by the Wimbledon Parties in connection with the Transactions is an enforceable promise in exchange for valuable consideration.

31. Gerova has breached its obligation to pay Katten's attorney's fees and is liable to Katten in an amount to be proven at trial but not less than ONE HUNDRED EIGHTY NINE THOUSAND, FOUR HUNDRED AND SIXTY EIGHT DOLLARS AND NINE CENTS ($189,468.09).

## THIRD CAUSE OF ACTION

### (ACCOUNT STATED)

32. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 31 of this Complaint, as if fully set forth herein.

33. Katten sent numerous invoices to Gerova and Gerova never disputed the invoices. In fact, Gerova conceded its obligation to pay the invoices both orally and in writing.

34. The invoices constitute an account stated and Gerova is obligated thereby.

35. Accordingly, Gerova is liable to Katten in an amount to be proven at trial but not less than ONE HUNDRED EIGHTY NINE THOUSAND, FOUR HUNDRED AND SIXTY EIGHT DOLLARS AND NINE CENTS ($189,468.09).

WHEREFORE, plaintiff Katten demands judgment against defendant Gerova as follows:

(a) on each of the three causes of action set forth above, granting it damages against Gerova in an amount to be proven at trial but not less than $189,468.09; and

(b) granting to it such other and further relief as the Court may deem just and proper in the circumstances.

Dated: New York, New York
       February 8, 2011

KATTEN MUCHIN ROSENMAN LLP

_____
Jay Shapiro (JS - 2499)
Daniel A. Edelson (DE - 1830)
575 Madison Avenue
New York, New York  10022
(212) 940-8800

*Attorneys for Plaintiff*
*Katten Muchin Rosenman LLP*