UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

KATTEN MUCHIN ROSENMAN LLP, :

              Plaintiff, : 1:11-cv-00867-PGG

        - against - : AFFIDAVIT FOR JUDGMENT
                                                                         BY DEFAULT

GEROVA FINANCIAL GROUP LTD, :

              Defendant. :

------------------------------------------------------------x

STATE OF NEW YORK    )
                               ) ss:
COUNTY OF NEW YORK  )

       Jay Shapiro, being duly sworn, deposes and says:

       1.    I am an attorney for plaintiff Katten Muchin Rosenman LLP ("Katten") and as such am fully familiar with the facts of this matter. I submit this affidavit pursuant to Rule 55.1 and 55.2(a) of the Local Civil Rules for the Southern District of New York and the Individual Practices of the Honorable Judge Paul Gardephe in support of Katten's application for the entry of a default judgment against defendant Gerova Financial Group Limited ("Gerova").

       2.    This is an action to recover ONE HUNDRED EIGHTY NINE THOUSAND, FOUR HUNDRED AND SIXTY EIGHT DOLLARS AND NINE CENTS ($189,468.09) owed by defendant to plaintiff for legal fees (the "Outstanding Legal Fees") in connection with asset purchase transactions consummated in or around January 2010.

       3.    Jurisdiction of the subject matter of this action is based on diversity of the parties pursuant to 28 U.S.C. § 1332(a)(1).

4. Plaintiff filed its Complaint (the "Complaint") on February 8, 2011. A true and correct copy of the summons and Complaint and the exhibits thereto is attached as Exhibit 1.

5. A true and correct copy of the summons and Complaint was properly served on Gerova by personal service upon its Chief Executive Officer, Joe Bianco, pursuant to CPLR § 311(a)(1) on February 10, 2011. A copy of the certificate of service is attached as Exhibit 2.

6. Katten respectfully requests that this Court order that service of the accompanying Order to Show Cause, together with all the papers on which it is based, by DHL or Federal Express to defendant at its headquarters at Cumberland House, 5th Floor, 1 Victoria Street, Hamilton, HM 11, Bermuda, shall be good and sufficient notice of this Order, and all proceedings and hearings relating thereto. The basis for this request is that upon information and belief, after being served with the summons and Complaint in this action, Joe Bianco has since resigned as Chief Executive Officer of Gerova and will be unwilling or unable to accept service of the Order to Show Cause on Gerova's behalf. Accordingly, the most efficient means to serve Gerova is by DHL or Federal Express to Gerova's headquarters in Bermuda.

## CALCULATION OF PRINCIPAL, INTEREST, AND COSTS

7. As set forth in an invoice dated May 19, 2010 (Cmplt. Exh. C), the amount due and owing from Gerova to Katten was ONE HUNDRED EIGHTY NINE THOUSAND, FOUR HUNDRED AND SIXTY EIGHT DOLLARS AND NINE CENTS ($189,468.09).

8. Katten has calculated its prejudgment interest at a rate of 9% from May 19, 2010 through March 15, 2011, for a total of THIRTEEN THOUSAND, EIGHT HUNDRED AND TWENTY EIGHT DOLLARS AND FORTY SEVEN CENTS ($13,828.47).

84509700_2

9. There is now due and owing to Katten TWO HUNDRED AND THREE THOUSAND, TWO HUNDRED AND NINETY SIX DOLLARS AND FIFTY SIX CENTS ($203,296.56 = $189,468.09 + $13,828.47).

10. In addition, Katten is entitled to costs and expenses, including the clerk's fee of $350, the process server's fees for service of $680, and a statutory fee of $20. A true and correct copy of the process server's invoice for $680 is attached hereto as Exhibit 3.

## AN EVIDENTIARY HEARING ON DAMAGES IS UNNECESSARY

11. The Second Circuit has held that it is "not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment." *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989); *Nagoya Venture Ltd. v. Bacopulos*, 1999 WL 311918, * 2 (S.D.N.Y. 1999) (default damages may be determined without a hearing based on affidavits and other documentary evidence).

12. Here, there is no meaningful dispute as to the amount Gerova owes Katten.

13. As set forth in the Complaint, Gerova's predecessor-in-interest, ASSAC, entered into two agreements (the "Asset Purchase Agreements"), which are attached to the Complaint as Exhibit A. See Cmplt. ¶ 12.

14. Gerova is obligated to pay to Katten its legal fees incurred in connection with the transactions contemplated by the Asset Purchase Agreements pursuant to § 9.8 of the Asset Purchase Agreements. See Cmplt. ¶ 16.

15. Katten sent to Gerova copies of its invoices for its attorney fees in connection with the transactions contemplated by the Asset Purchase Agreements. See Cmplt. ¶ 21; Cmplt. Exh. C.

84509700_2

16. Gerova expressly acknowledged to Katten its obligation to pay the Outstanding Legal Fees in writing and verbally. See Cmplt. ¶¶19-24; Cmplt. Exhs. D-E.

17. Among other things, in a telephone call on April 27, 2010 with Howard Jacobs, a partner in Katten's New York office, Gerova's Chief Financial Officer, Michael Hlavsa, pledged to pay Katten's legal fees. Later that day, by email to Mr. Jacobs (Cmplt. Exh. D), Mr. Hlavsa reiterated his promise:

> Thank you for listening this morning. As promised, I want to formalize what I indicated to you in our conversation.
>
> We are having some cash difficulties but we believe that a slug of capital is coming to us in the next week. <u>I committed to you that out of that money we would provide to you a partial payment toward the amount that we owe the firm.</u>
>
> <u>Subsequent to that, it is our intention to pay the entire amount as quickly as cash becomes available. We appreciate your patience and we will get you paid.</u>

(emphasis added).

Cmplt. ¶ 22.

18. On May 12, 2010, Gerova sent to Katten a partial payment of TWENTY-FIVE THOUSAND DOLLARS ($25,000). Mr. Hlvasa, by email of the same date, asked Katten to record the payment. See Cmplt. ¶ 23; Cmplt. Exh. E.

19. As of May 19, 2010, the Outstanding Legal Fees were ONE HUNDRED EIGHTY-NINE THOUSAND, FOUR HUNDRED AND SIXTY-EIGHT DOLLARS AND NINE CENTS ($189,468.09), as reflected in an invoice of that same date. Cmplt. Exh. C.

4

## BASIS FOR DEFAULT

20. The defendant has not answered the complaint and the time for the defendant to answer the Complaint has expired. On March 14, 2011, the Clerk of this Court certified the default of Gerova. A copy of the Certificate of Default is annexed hereto as Exhibit 4.

21. A copy of a proposed judgment is attached hereto as Exhibit 5.

WHEREFORE, Katten respectfully moves this Court to enter a judgment by default against Gerova.

_____
JAY SHAPIRO

Sworn to before me this
17 day of March 2011

_____
Notary Public

**BRIAN A. SCHMIDT**
**NOTARY PUBLIC, STATE OF NEW YORK**
**NO.02SC6194787**
**QUALIFIED IN NEW YORK COUNTY**
**COMMISSION EXPIRES 10/14/2012**

84509700_2