UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATTEN MUCHIN ROSENMAN LLP, | : 1:11-cv-00867-PGG |
| Plaintiff, | : DEFENDANT GEROVA FINANCIAL GROUP, LTD.'S ANSWER AND AFFIRMATIVE DEFENSES |
| v. | : |
| GEROVA FINANCIAL GROUP LIMITED, | : |
| Defendant. | : |

Defendant Gerova Financial Group, Ltd. ("Gerova"), by its undersigned attorneys, hereby answers the Complaint of Plaintiff Katten Muchin Rosenman LLP ("Katten") as follows:

1.  In response to paragraph 1 of the Complaint, Gerova admits that Katten has brought this action for breach of contract and account stated against Gerova. Except as so admitted, Gerova denies each and every allegation contained in this paragraph.

2.  In response to paragraph 2 of the Complaint, Gerova is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

3.  In response to paragraph 3 of the Complaint, Gerova is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

4.  In response to paragraph 4 of the Complaint, Gerova denies each and every allegation contained therein.

5.  In response to paragraph 5 of the Complaint, Gerova is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

6. In response to paragraph 6 of the Complaint, Gerova admits that it made a $25,000 payment to Katten. Except as so admitted, Gerova is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

7. In response to paragraph 7 of the Complaint, Gerova denies each and every allegation contained therein.

8. In response to paragraph 8 of the Complaint, Gerova is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein. Gerova expressly denies the allegation that it is a Cayman Islands corporation.

9. In response to paragraph 9 of the Complaint, Gerova is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

10. In response to paragraph 10 of the Complaint, Gerova is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

11. In response to paragraph 11 of the Complaint, Gerova denies each and every allegation contained in this paragraph.

12. In response to paragraph 12 of the Complaint, Gerova is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

13. In response to paragraph 13 of the Complaint, Gerova is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

14. In response to paragraph 14 of the Complaint, Gerova is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

15. In response to paragraph 15 of the Complaint, Gerova is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

16. In response to paragraph 16 of the Complaint, Gerova denies each and every allegation contained therein.

17. In response to paragraph 17 of the Complaint, Gerova denies each and every allegation contained therein.

18. In response to paragraph 18 of the Complaint, Gerova is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

19. In response to paragraph 19 of the Complaint, Gerova is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

20. In response to paragraph 20 of the Complaint, Gerova is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

21. In response to paragraph 21 of the Complaint, Gerova is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

22. In response to paragraph 22 of the Complaint, Gerova is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

23. In response to paragraph 23 of the Complaint, Gerova admits that it made a $25,000 payment to Katten. Except as so admitted, Gerova is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

24. In response to paragraph 24 of the Complaint, Gerova is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

25. Gerova incorporates by reference each and every response set forth above to paragraphs 1 through 24, inclusive, as though fully set forth herein.

26. In response to paragraph 26 of the Complaint, Gerova denies each and every allegation contained therein.

27. In response to paragraph 27 of the Complaint, Gerova denies each and every allegation contained therein.

28. In response to paragraph 28 of the Complaint, Gerova denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

29. Gerova incorporates by reference each and every response set forth above to paragraphs 1 through 28, inclusive, as though fully set forth herein.

30. In response to paragraph 30 of the Complaint, Gerova denies each and every allegation contained therein.

31. In response to paragraph 31 of the Complaint, Gerova denies each and every allegation contained therein.

## THIRD CAUSE OF ACTION
### (Account Stated)

32. Gerova incorporates by reference each and every response set forth above to paragraphs 1 through 31, inclusive, as though fully set forth herein.

33. In response to paragraph 33 of the Complaint, Gerova denies each and every allegation contained therein.

34. In response to paragraph 34 of the Complaint, Gerova denies each and every allegation contained therein.

35. In response to paragraph 35 of the Complaint, Gerova denies each and every allegation contained therein.

WHEREFORE, Gerova denies Katten is entitled to any of the relief sought in its prayer.

## AFFIRMATIVE DEFENSES

As separate affirmative defenses to the Complaint of Plaintiff Katten ("Katten"), and to each purported cause of action asserted therein, Defendant Gerova alleges and states as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The Complaint, and each and every cause of action contained therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Unclean Hands)

The Complaint, and each and every cause of action contained therein, is barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE
(Laches)

The Complaint, and each and every cause of action contained therein, is barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE
(Waiver)

The Complaint, and each and every cause of action contained therein, is barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE
(Estoppel)

The Complaint, and each and every cause of action contained therein, is barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE
(Consent)

The Complaint, and each and every cause of action contained therein, is barred by the doctrine of consent.

### SEVENTH AFFIRMATIVE DEFENSE
(Intervening Causes)

If the allegations of the Complaint are true, which Gerova denies, then all damages, if any, purportedly suffered by Katten were proximately caused by the intentional and/or reckless acts or omissions of Katten, its agents or persons other than Gerova.

### EIGHTH AFFIRMATIVE DEFENSE
(Contributory Negligence)

If the allegations of the Complaint are true, which Gerova denies, then all damages, if any, purportedly suffered by Katten were proximately caused by the negligent acts or omissions of Katten, its agents or representatives.

### NINTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

The Complaint, and each and every cause of action contained therein, is barred by Katten's failure to take reasonable action to mitigate the damages alleged in the Complaint.

### TENTH AFFIRMATIVE DEFENSE
(Causation)

If the allegations of the Complaint are true, which Gerova denies, then all damages Katten may have sustained were not proximately or actually caused by Gerova's conduct.

### ELEVENTH AFFIRMATIVE DEFENSE
(Material Breaches by Katten)

Katten's prior material breaches bar any recovery by virtue of the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE
(Acts of Third Parties)

If Katten incurred any of the damages alleged in the Complaint, which Gerova expressly denies, its damages were caused in whole or in part by the conduct of persons or entities other than Gerova. In the event that Gerova is found liable for any of the damages asserted in the Complaint, Gerova is entitled to have its liability diminished in proportion to the damages attributable to the culpable conduct of persons or entities other than Gerova.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Bad Faith)

Katten is precluded from recovery on any and all of the claims asserted in the Complaint by virtue of its bad faith.

### FOURTEENTH AFFIRMATIVE DEFENSE
(No Damages)

Katten has not suffered any damages as a result of any conduct by Gerova.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Privilege)

Gerova's acts were privileged, barring Katten's claims.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

The Complaint and each of its causes of action are barred by the applicable statute of limitations.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Mistake or Fraud)
One or more contracts upon which Katten is suing are void for mistake or fraud.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(*In Pari Delicto*)

The Complaint, and each and every cause of action contained therein, is barred by the doctrine of *in pari delicto*.

### NINETEENTH AFFIRMATIVE DEFENSE
(Setoff)

To the extent Gerova is liable to Katten for any damages, which Gerova denies, they are set-off, partially or entirely, by damages that Katten owes to Gerova.

### TWENTIETH AFFIRMATIVE DEFENSE
(No Equity)

Katten failed to do equity in the matters alleged in the Complaint, and any recovery by Katten must be barred or diminished by reason thereof.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(Assumption of Risk)

Katten assumed the risk for the harm and injury, if any, resulting from the matters alleged in the Complaint, and any recovery by Katten must be barred or diminished by reason thereof.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
(Indemnity/Contribution)

To the extent Katten suffered any damages, which Gerova denies, Gerova is entitled to indemnity and/or contribution from other responsible parties for any amounts found due and owing to Katten.

### TWENTY- THIRD AFFIRMATIVE DEFENSE
(Novation)

The Complaint is barred by the doctrine of novation.

### TWENTY- FOURTH AFFIRMATIVE DEFENSE
(Uncertainty)

The Complaint, and each and every cause of action contained therein, fails on the ground of uncertainty.

### TWENTY- FIFTH AFFIRMATIVE DEFENSE
(Accord and Satisfaction)

The Complaint is barred by the doctrine of accord and satisfaction.

### TWENTY- SIXTH AFFIRMATIVE DEFENSE
(Payment and Release)

The Complaint is barred by payment and release.

### TWENTY- SEVENTH AFFIRMATIVE DEFENSE
(No Ordinary Care)

Katten did not exercise ordinary care, caution, and prudence in connection with the events alleged in the Complaint, and Katten is therefore barred entirely, or proportionally, from recovery against Gerova.

### TWENTY- EIGHTH AFFIRMATIVE DEFENSE
(Good Faith)

The Complaint, and each and every cause of action contained therein, is barred in whole or in part because Gerova's conduct was at all times undertaken in good faith.

### TWENTY- NINTH AFFIRMATIVE DEFENSE
(No Consideration)

There was no consideration for any subsequent promises of payment to Katten after the deal closed, and this failure of consideration bars any recovery against Gerova.

### THIRTIETH AFFIRMATIVE DEFENSE
(Lack of Standing)

The Complaint, and each and every cause of action contained therein, is barred in whole or in part because Katten lacks standing to assert such causes of action.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
(Doctrine of Acquiescence)

The Complaint, and each and every cause of action contained therein, is barred in whole or in part by the doctrine of acquiescence.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
(Failure of Performance)

Katten failed to fully perform all of the obligations it was required to perform, under the agreements at issue in this litigation or otherwise, and any recovery on Katten's part is barred in whole or in part by Katten's failure of performance.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
(Fees Not Reasonable)

The legal fees which Katten seeks recovery were not reasonable for the work performed, and any recovery on Katten's part should be limited to fees that are reasonable under the circumstances.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
(No Successor Liability)

Gerova is not liable – as a successor or otherwise – for the agreements and obligations of Asia Special Situation Acquisition Corp., and thus any recovery from Gerova is barred.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
(No Third Party Beneficiary)

The parties to the agreements at issue in this litigation did not intend Katten to be a third party beneficiary under those agreements.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
(Reservation of Rights to Assert Additional Affirmative Defenses)

Gerova presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Gerova hereby expressly reserves the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, based on the foregoing Defendant Gerova requests:

A.      Judgment in favor of Gerova, whereby Plaintiff Katten takes nothing by way of its Complaint, and that the Complaint, and each cause of action in it, be dismissed with prejudice;

B.      That Gerova be awarded its attorneys' fees and costs of litigation to the extent authorized by law; and

C.      For any and all further relief as may be warranted by the evidence, or as the Court considers appropriate, to be in the interest of justice and equity, or otherwise deems just and proper.

Dated: April 26, 2011

SPILLANE WEINGARTEN, LLP

/s/ Alex M. Weingarten
Alex M. Weingarten*
*(motion for *pro hac vice* admission filed)
1100 Glendon Ave., Suite 1200
Los Angeles, CA 90024
Phone: (310) 229-9300
Fax: (310) 229-9380
aweingarten@spillaneweingarten.com

-and-

Stephen Z. Starr
STARR & STARR, PLLC
260 Madison Ave., 17th Fl.
New York, NY  10016
Phone: (212) 867-8165
Fax:  (212) 867-8139
sstarr@starrandstarr.com

*Counsel to Defendant
Gerova Financial Group, Ltd.*

## **DECLARATION OF SERVICE**

I, STEPHEN Z STARR, declare as follows:

1.  I am not a party to the action, am over 18 years of age and have a business address at 260 Madison Ave., 17th Fl., New York, NY 10016.

2.  On April 26, 2011, I caused a true copy of DEFENDANT GEROVA FINANCIAL GROUP, LTD.'S ANSWER AND AFFIRMATIVE DEFENSES to be served upon plaintiff herein, Katten Muchin Rosenman LLP, by service upon counsel for the plaintiff in the above-captioned action via First Class Mail at the following address:

> Jay Shapiro, Esq.
> Daniel A. Edelson, Esq
> Katten Muchin Rosenman LLP
> 575 Madison Avenue
> New York, NY 10022

by enclosing the same in properly addressed envelope with postage prepaid and causing the same to be deposited into a designated depository maintained by the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at New York, New York on April 26, 2011

By: /s/ Stephen Z. Starr
Stephen Z. Starr
